IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KOES INDRIANINGRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | _____ |
| ) | |
| BRILLIANT DIAMOND, INC. ) | |
| and JIE LIN. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Koes Indrianingrum (hereinafter "Ms. Indrianingrum"), by and through undersigned counsel, and files this lawsuit against Brilliant Diamond, Inc. and Jie Lin ("Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

Jie Lin is the owner of Brilliant Diamond, Inc. ("Brilliant Diamond"). Jie Lin and Brilliant Diamond jointly employed Ms. Indrianingrum. Therefore, Jie Lin and Brilliant Diamond are joint employers.

2.

The instant action arises from Defendants' violations of Ms. Indrianingrum's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq.</u>, as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendants which have deprived Ms. Indrianingrum of her lawful overtime wages.

3.

During the employment of Ms. Indrianingrum, Defendants violated the FLSA by failing to compensate Ms. Indrianingrum at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

4.

Ms. Indrianingrum seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7.

Ms. Indrianingrum resides in Peachtree City, Georgia (within this District) and is a citizen of the United States.

8.

At all times material to this action, Ms. Indrianingrum was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.  Ms. Indrianingrum is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendants.

9.

Brilliant Diamond is a Georgia corporation with its principal office located at 100 N. Peachtree Parkway, Suite 33 Peachtree City, GA 30269.  Brilliant Diamond, Inc. regularly does business in the State of Georgia and may be served through its registered agent, 100 N. Peachtree Parkway, Suite 33 Peachtree City,

GA 30269. At all times material hereto, Brilliant Diamond was an "employer" of Ms. Indrianingrum for purposes of the FLSA.

10.

Defendant Jie Lin is a Georgia resident. On information and belief, Jie Lin is the owner of Brilliant Diamond. At all times material hereto, Jie Lin exercised control over significant aspects of the operations of Brilliant Diamond, including employee compensation, and Jie Lin personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Jie Lin was an "employer" of Ms. Indrianingrum for purposes of the FLSA, and Jie Lin is jointly and severally liable for the failure to pay Ms. Indrianingrum as required. Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

11.

At all times material to this action, Brilliant Diamond and Jie Lin were Ms. Indrianingrum's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Ms. Indrianingrum, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Ms. Indrianingrum, and/or because the individual Defendants shared control of Ms. Indrianingrum's employment,

and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

12.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Thus, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

## FACTUAL ALLEGATIONS

13.

From September, 2014 until September, 2016, Ms. Indrianingrum was employed by Defendants.

14.

At all times relevant hereto, Ms. Indrianingrum was not responsible for managing any other employees. Ms. Indrianingrum did not conduct any employees' reviews, schedules, vacation requests or warnings.

15.

At all times relevant hereto, Ms. Indrianingrum did not possess the authority to hire or fire other employees.

16.

At all times relevant hereto, Ms. Indrianingrum's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

17.

At all times relevant hereto, Ms. Indrianingrum did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

18.

At all times relevant hereto, Ms. Indrianingrum was a non-exempt employee for purposes of overtime compensation.

19.

While employed by Defendants, Ms. Indrianingrum was always required to work in excess of forty (40) hours a week.

20.

During Ms. Indrianingrum's employment with Defendants, Defendants did not compensate Ms. Indrianingrum for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

21.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Ms. Indrianingrum are in the possession of Defendants.

## **COUNT ONE: FLSA VIOLATION (OVERTIME)**

22.

Ms. Indrianingrum realleges and incorporates paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Ms. Indrianingrum.

24.

Defendants failed to meet the requirements for paying Ms. Indrianingrum at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

25.

Defendants are liable to Ms. Indrianingrum for compensation for any and all time Ms. Indrianingrum worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

26.

By its actions alleged herein, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

27.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Ms. Indrianingrum in accordance with § 203 and § 207 of the FLSA.

28.

As a result of Defendants' violations of the FLSA, Ms. Indrianingrum has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

29.

As a result of Defendants' willful violations of the FLSA, Ms. Indrianingrum is entitled to liquidated damages.

## COUNT TWO: ATTONREYS' FEES AND EXPENSES

30.

Ms. Indrianingrum realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31.

Ms. Indrianingrum has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

32.

Pursuant to 29 U.S.C. § 216(b), Ms. Indrianingrum is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

33.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Ms. Indrianingrum.

34.

As a result of Defendants' unlawful acts, Ms. Indrianingrum has been deprived of overtime compensation in an amount to be determined at trial, and is

entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Indrianingrum, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a) that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b) that she be awarded the costs and expenses of this action; and

(c) that this Court enter such other and further relief as is just and proper under the circumstances.

[DATE AND SIGNATURES FOLLOW]

Respectfully submitted this 3rd day of November, 2016.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
ARIEL D. FENSTER
Georgia Bar No. 420858

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**COHAN LAW GROUP, LLC**

*/s/ Ariel D. Fenster*

ARIEL D. FENSTER
Georgia Bar No. 420858